HARRIS, Judge,
dissenting.
I respectfully dissent. Although I agree with Judge Dauksch that the statute in question could be better drafted, I think the trial court erred in dismissing with prejudice the action against M.O.
In this case there was no C-4 motion filed nor was there any testimony taken. The petition for delinquency did not allege that M.O. was a “student” of the school at which he was charged with trespassing. Further, even if he was a student, there was no record showing that he was a student at the time of the trespass. A student is “a scholar, learner, or one who attends a school.”[1] I construe this to mean while school is “in session.”
The status of “student” would apply during the class day, during any school activities after school and during the time that one would normally arrive and leave school. But being a student would not permit one to occupy the principal’s office during the evening. Nor does it protect one who stays after school for the purpose of fighting (as in this case) or any other non-school activity. One is simply not a “student” during a non-school period or a non-school activity.
I would reverse.

. Webster s Ninth New Collegiate Dictionary, 1170 (1989).